IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice E. Rouse,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,[1]<br>Acting Commissioner of Social Security,<br><br>                Defendant.<br>_____ | Civil Action No.: 0:11-2636-MGL<br><br><br><br><br><br><br><br>**OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Janice E. Rouse ("Plaintiff") proceeding *pro se* brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In her Report and Recommendation ("Report"), the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff objects to the Report. For the reasons stated below, the court affirms the Commissioner's decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff was 46 years old at the time of her alleged disability onset date. (Tr. 124). Plaintiff's alleged

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

disability since September 3, 2005, due to allergies, asthma, and narcolepsy. (Tr.128). She has a high school education, one year of college, and certification as a licensed practical nurse. (Tr. 134). Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on September 22, 2010. On November 4, 2010, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 18-29). Thereafter, Plaintiff submitted additional evidence to the Appeals Council, which denied her request for review on May 10, 2011, making the decision of the ALJ the final action of the Commissioner. (Tr. 7-10). On September 30, 2011, Plaintiff commenced this action to review the Commissioner's denial of benefits. (ECF No. 1).

## II. REPORT AND RECOMMENDATION

### A. Standard of Review

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 60 at 17). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990).

**B.  Plaintiff's Objections**

Objections to the Report must be specific. *See U.S. v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also *Camby*, 718 F.2d at 199 (in the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation).

On October 31, 2013, Plaintiff filed a document (ECF No. 62) which the court construes as Plaintiff's objections to the Magistrate Judge's Report. Plaintiff generally

objects to the findings in the Magistrate Judge's Report that substantial evidence supports the Commissioner's final decision that she was not under a disability as defined by the Social Security Act. (ECF No. 60 at 2-3). Instead of stating specific objections to the Magistrate Judge's Report, Plaintiff provides the court with a narrative of why she believes the Commissioner's decision is erroneous. Plaintiff infers that the entire record has not been examined and suggests that a complete review of the entire record would support her claim of disability.

Upon consideration of Plaintiff's "objections", the court finds that the Magistrate Judge performed a thorough analysis of the record in reaching the conclusion that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act. In this regard, Plaintiff has failed to meet her burden of proving her claim for disability within the definition of the Social Security Act. Therefore, based on the foregoing, the court finds that Plaintiff's objections to the Magistrate Judge's Report are without merit.

### III. CONCLUSION

Upon careful consideration of the entire record, the court accepts the Magistrate Judge's Report and Recommendation (ECF No.60) and incorporates it herein by reference. The final decision of the Commissioner denying Plaintiff's claim Disability Insurance Benefits is affirmed.

IT IS SO ORDERED.

s/Mary G. Lewis<br>
United States District Judge

Spartanburg, South Carolina<br>
November 14, 2013.